**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10844

(Summary Calendar)

_____

GLEN ANTHONY,

Petitioner - Appellant,

versus

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent - Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CV-1211-H)

_____

April 30, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On July 7, 1989, a jury found Texas state prisoner Glen
Anthony guilty of aggravated robbery and sentenced him to a 99-year
term of imprisonment. Anthony's conviction was affirmed on direct
appeal. In 1991, the Texas Court of Criminal Appeals refused

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Anthony's petition for discretionary review. Anthony filed two applications for writs of habeas corpus in state court; the Texas Court of Criminal Appeals denied the latter application on April 10, 1996. The decision of the Court of Criminal Appeals became final on April 25, 1996, 15 days from the rendition of the decision. *See* TEX. R. APP. P. 231.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. On May 21, 1997, nearly 13 months after the effective date of AEDPA and the end of his state collateral appeal, Anthony filed the instant habeas petition in the district court pursuant to 28 U.S.C. § 2254. The district court dismissed Anthony's petition on the ground that it was time-barred under AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d). In *United States v. Flores*, 135 F.3d 1000, 1005-06 (5th Cir. 1998), we held that petitioners must be given a reasonable time after the enactment of AEDPA within which to pursue collateral relief.[1] We explained that "petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, within which to file for section 2255 relief." *Id.* at 1006. We further noted that "[t]he

---

[1] Although the opinion in *Flores* related to a habeas petition under 28 U.S.C. § 2255, we noted that the same analysis would apply to petitions filed under 28 U.S.C. § 2254. *See Flores*, 135 F.3d at 1003 n.7.

majority of circuits that have addressed this question have adopted the bright-line rule that one year, running from the effective date of the AEDPA, constitutes a reasonable time." *Id.* at 1005.

Thus, for Anthony, the one-year limitations period began to run with AEDPA's effective date, April 24, 1996. The limitation period, however, was tolled for one day during the pendency of his state habeas proceedings, which concluded on April 25, 1996. *See* 28 U.S.C. § 2244(d)(2). Because Anthony's petition was filed on May 21, 1997, more than one year after the limitations period and tolling time had run, his petition is untimely. Accordingly, the decision of the district court dismissing Anthony's habeas corpus petition is AFFIRMED.